# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Civil Action No. 16-8755 (MAS) (DEA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| MASTER FIRE PROTECTION, et al., | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff United States of America's (the "Government") Motion for Default Judgment. (ECF No. 11.) Defendants Master Fire Protection, Inc. ("MFP") and Drew Zarpentine ("Zarpentine"), owner of MFP (collectively, "Defendants") failed to file an answer to the Complaint, any responsive motion, or opposition to the instant motion. The Court has carefully considered the Government's motion and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's motion for default judgment in part and the Court reserves its decision in part.

## I.    Background

On November 23, 2016, the Government filed a Complaint to collect MFP's outstanding federal tax liabilities, to obtain a permanent injunction requiring Defendants to timely withhold, collect and pay to the Internal Revenue Service ("IRS") MFP's tax liabilities, and to enjoin Defendants from further violations of the internal revenue laws. (Compl. 2, ECF No. 1.) The Government alleged that as of December 31, 2016, MFP's unpaid employment tax liabilities for certain quarters ended between September 30, 2004 and December 31, 2015 and unpaid

unemployment tax liabilities for fiscal years 2002, 2005, 2007 through 2013, and 2015, plus penalties, totaled $1,053,518. (*Id.* at 3-7, 12.)

Defendants were served on January 17, 2017. (ECF Nos. 3, 4.) An answer to the Complaint was due by January 30, 2017; however, Defendants failed to respond. Accordingly, on March 16, 2017, the Government requested and obtained a Clerk's entry of default against each Defendant. (ECF Nos. 5-8.) The Government now moves for default judgment (ECF No. 11) and asserts that as of June 1, 2017, the total outstanding liability against MFP was $1,059,228. (Pl.'s Moving Br. 2, ECF No. 11-1.)

## II.   Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it after default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b). "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998 and Supp. 2013)).

Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 16-3572, 2017 WL 3668946 at *4 (3d Cir. Aug. 25, 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). If these initial requirements are met, then the Court

must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III.  Analysis

### A.  Threshold Considerations

#### 1.  Jurisdiction

The Government brings claims pursuant to the Internal Revenue Code, which provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and . . . such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The Court, therefore, exercises subject matter jurisdiction over the Government's federal claims pursuant to 28 U.S.C. § 1331.

In addition, the Court has personal jurisdiction over Defendants. Zarpentine was physically located within the state of New Jersey at the time he was personally served with process in this matter. (Aff. of Service, ECF No. 3); *see* Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a) ("The primary method of obtaining *in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State . . . ."). Moreover, Zarpentine properly accepted service on behalf of MFP as its owner. *See* Fed. R. Civ. P. 4(h); (Aff. of Service, ECF No. 4).

## 2.     Whether the Complaint Establishes a Legitimate Cause of Action

A tax "assessment" is "an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.* 536 U.S. 238, 242 (2002). "Assessments are presumed to be valid, and establish a *prima facie* case of liability against a taxpayer." *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000) (citing *United States v. Vespe*, 868 F.2d 1328, 1331 (3d Cir. 1989)).

Here, the Government alleges that "a delegate of the Secretary of the Treasury properly and timely assessed" both federal employment taxes for certain quarters ended between September 30, 2004 and December 31, 2015 and federal unemployment taxes for fiscal years 2002, 2005, 2007 through 2013, and 2015, along with penalties. (Compl. 3-7, 12.) The Government states that "[p]roper notice and demand for payment" of the assessments described was properly provided to MFP, but "it has failed to fully pay its liabilities." (*Id.* at 6, 7, 9.) The Government additionally seeks a permanent injunction requiring Defendants to timely withhold, collect and pay to the IRS MFP's tax liabilities. (*Id.* at 13, 16.) The Government has submitted copies of IRS tax account transcripts reflecting the tax assessments at issue. (Ogilby Decl. Exs. A, B, C, ECF Nos. 11-5, 11-6, 11-7.) The Complaint, therefore, states a legitimate cause of action, and the Court next considers the *Chamberlain* factors.

### B.     *Chamberlain* Factors

### 1.     Prejudice to the Government if Default is Denied

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL

475313, at *3 (D.N.J. Feb. 8, 2016)). In this case, Defendants failed to participate in the case in any way; thus, the Government will suffer prejudice if default is denied. The Court finds that the first *Chamberlain* factor weighs in favor of entering a default judgment.

### 2. Whether Defendants Have a Litigable Defense

"A . . . defense[] will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, Defendants failed to raise any defenses for the Court's consideration because Defendants failed to respond. *See Vo*, 2016 WL 475313, at *3 (noting that "the Court cannot consider Defendant's defenses if any exist because Defendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (stating that "because [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). Thus, the second *Chamberlain* factor weighs in favor of default judgment.

### 3. Whether Defendants' Delay is Due to Culpable Conduct

In considering whether a default was the result of a defendant's culpable conduct, the Court asks, "whether [he or she] acted willfully or in bad faith." *Feliciano v. Reliant Tooling Co., LTD.*, 691 F.2d 653, 657 (3d Cir. 1982). Here, the Government served Defendants with its Complaint on January 17, 2017 and Defendants failed to respond with any filing or submission to the Court. While Defendants' complete inaction "may not necessarily reflect bad faith, at the very least, it reflects willful conduct." *DiPiazza*, 2016 WL 7015625, at *2. The final *Chamberlain* factor, therefore, weighs in favor of the Court's entry of a default judgment.

**C.     Damages**

If the damages the Government alleged in the Complaint are not "for a sum certain or a sum that can be made certain by computation," the "[C]ourt may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(1)-(2); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Here, the IRS tax account transcripts (Ogilby Decl. Exs. A, B, C), and IRS Revenue Officer Tara Ogilby's declaration (Ogilby Decl., ECF No. 11-2), support the Government's entitlement to relief.

A tax imposed by the Internal Revenue Code may be collected through a court proceeding commenced "within [ten] years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). Based on the facts pleaded in the Complaint and the evidence submitted in support of the default judgment motion, the Government has demonstrated that it is entitled to reduce to judgment tax liabilities and penalties assessed on or after November 23, 2006. The Government, however, has not demonstrated it is entitled to reduce to judgment federal employment tax liabilities assessed in January, February, May, June and October 2006, federal unemployment taxes assessed in March 2003 and December 2004, and civil penalties assessed in October 2006. Such liabilities are set forth in the tables below.

| Tax Type | Tax Period Ending | Assessment Date | Amount of Tax Assessment | Total Due as of June 1, 2017 |
|---|---|---|---|---|
| W/T-FICA (Form 941) | 09/30/2004 | 01/09/2006 | $19,936 | $20,119 |
| W/T-FICA (Form 941) | 12/31/2004 | 01/09/2006 | $19,936 | $12,190 |
| W/T-FICA (Form 941) | 03/31/2005 | 02/06/2006 | $23,923 | $65,490 |

| | | | | |
|---|---|---|---|---|
| W/T-FICA (Form 941) | 06/30/2005 | 05/22/2006 | $23,923 | $62,803 |
| W/T-FICA (Form 941) | 06/30/2005 | 10/02/2006 | $19,543 | $42,639 |

| Tax Type | Year Ending | Assessment Date | Amount of Tax Assessment | Total Due as of June 1, 2017 |
|---|---|---|---|---|
| FUTA (Form 940) | 12/31/2002 | 03/24/2003<br>12/20/2004 | $234<br>$1,565 | $3,825 |
| § 6721 Penalty | 12/31/2003 | 10/16/2006 | $19,420 | $26,791 |

(Ogilby Decl. 2-3, 5-6.)

The Government filed the Complaint after the ten-year statute of limitations period expired on the foregoing assessments, and its motion papers do not set forth a basis for tolling the statute of limitations. As such, the total liability against MFP is adjusted to $825,371.00, and judgment shall be entered against MFP in this amount.

### D. Permanent Injunction

Section 7402 "broadly authorizes injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws." *United States v. Burgess*, No. 16-4011, 2017 WL 373493, at *4 (D.N.J. Jan. 24, 2017) (citation and internal quotation marks omitted). Because the Government is seeking injunctive relief against both MFP and Zarpentine personally, the Court reserves its decision on this issue, pending receipt of the parties' submissions pursuant to an order to show cause.

## IV.     Conclusion

For the reasons set forth above, the Court grants the Government's motion for default judgment in part and the Court reserves its decision in part.     An order consistent with this Memorandum Opinion will be entered.


                                          s/ Michael A. Shipp
                                          MICHAEL A. SHIPP
                                          UNITED STATES DISTRICT JUDGE



**Dated**: January 16, 2018